## United States District Court
## Southern District Of Mississippi
## Hattiesburg Division

Travelers Casualty & Surety Company
of America                                                              **Plaintiff**

**v.**                                    Civil Action No. 2:13cv101 KS-MTP

Hub Mechanical Contractors, Inc.,
Carreme B. Curry, George C. Curry,
Cindy B. Curry, Margie C. Fails,
Philip A. Fails, and Arthur C. Henderson                    **Defendants**

## Answer of Margie C. Fails to Original Complaint

Plaintiff Margie C. Fails (hereinafter referred to as "Mrs. Fails" or

"Defendant"), by and through understand counsel, files this her Answer to

the Complaint.

## First Defense

The Complaint, in whole or in part, fails to state a claim, against the

Defendant for which relief may be granted.

## Second Defense

In answer to the specific allegations of the Complaint, paragraph by

paragraph, Defendant states:

1. Admitted on information and belief.

2. Defendant lacks sufficient information to admit or deny the allegations of paragraph 2. Accordingly, she denies same.

3.  Admitted.

4. Defendant lacks sufficient information to admit or deny the allegations of paragraph 4. Accordingly, she denies same.

5. Defendant lacks sufficient information to admit or deny the allegations of paragraph 5. Accordingly, she denies same.

6. Admitted.

7. Admitted.

8. Admitted.

9. The allegations contained in paragraph 9 state a legal conclusion which requires neither admission nor denial. Defendant does not, however, deny the subject matter jurisdiction of the court.

10. Defendant lacks sufficient information to admit or deny the allegations of paragraph 10. Accordingly, she denies same.

11. Admitted on information and belief.

12. Admitted.

13. Defendant admits Hub Mechanical sought payment and performance bonds for various projects and that Hub Mechanical was contractually obligated on some projects to obtain a payment and performance bond. Except as specifically stated, Defendant denies the allegations of paragraph

13.

14.   Defendant admits that Travelers represented through its agent that it was conditioning one or more bonds on one or more of the Indemnitors signing certain documents. Except as specifically stated, Defendant denies the allegations of paragraph 14.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 15 and therefore denies same.

16. Defendant admits that she and Philip Fails signed the signature page of the 2009 Indemnity Agreement but states they were not provided a complete copy of the document and did not sign it before a notary.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies same. Except as specifically stated, Defendant denies the allegations of paragraph 16.

17. Defendant admits that the 2005 Indemnity Agreement and the 2009 Indemnity Agreement contain the language quoted. Except as specifically stated, Defendant denies the allegations of paragraph 17.

18. Admitted on information and belief.

19. Defendant lacks sufficient information to form a belief as to the truth of the allegations concerning what the contractor  required or what Travelers' relied upon and accordingly denies those allegations.  She admits on information and belief the remaining allegations of paragraph 19.

20. Defendant admits on information and belief that Rod Cooke informed Travelers that Hub was in default, which Hub acknowledged. Defendant lacks sufficient information to admit or deny the remaining allegations of the paragraph and therefore denies same.

21. Admitted on information and belief.

22. Defendant lacks sufficient information to admit or deny what Hanco required and what Travelers relied upon and accordingly denies those allegations. She admits on information and belief the remaining allegations of paragraph 22.

23. Defendant admits on information and belief that Hanco informed Travelers that Hub was in default. Defendant lacks sufficient information to admit or deny the remaining allegations of the paragraph and therefore denies same.

24. Defendant lacks sufficient information to admit or deny the allegations of paragraph 24 and therefore denies same.

25. Defendant admits that demand has been made on her but denies the remaining allegations of paragraph 25.

26. Defendant incorporates her responses to the allegations in paragraphs 1-25.

27. Denied as to herself. Defendant lacks sufficient information to form a belief as to the truth of the allegations insofar as they apply to other

defendants and therefore she denies same.

28. Denied as to herself. Defendant lacks sufficient information to form a belief as to the truth of the allegations insofar as they apply to the other defendants and therefore she denies same.

29. Defendant incorporates her responses to the allegations in paragraphs 1-28.

30. Denied as to herself. Defendant lacks sufficient information to form a belief as to the truth of the allegations insofar as they apply to other defendants  and therefore she denies same.

31. Defendant incorporates her responses to the allegations in paragraphs 1-30.

32. Denied as to herself. Defendant lacks sufficient information to form a belief as to the truth of the allegations insofar as they apply to the other defendants and therefore she denies same.

33. Denied as to herself. Defendant lacks sufficient information to form a belief as to the truth of the allegations insofar as they apply to the other defendants and therefore she denies same.

In response to the unnumbered paragraph following paragraph 33 beginning WHEREFORE, Defendant denies Travelers is entitled to the relief requested or to a judgment in any amount or to recover anything whatsoever from her.

## Third Defense
## (Affirmative Defenses)

Defendant now having fully answered the Complaint, she affirmatively states:

1. If any amount is due Travelers, which the Defendant disputes, such amount is subject to her rights of set-off and/or contribution.

2. Travelers' claim is barred in whole or in part by its voluntary incurring of unnecessary and unreasonable costs in performing its bond obligations.

3. Defendant's liability, if any, is secondary to Hub Mechanical.

4. Defendant's liability, if any, is extinguished in whole or in part due to the failure on the part of plaintiff to mitigate its damages and to take such reasonable and necessary action to limit the liability, if any of the Indemnitors.

5. Defendant's liability, if any, is extinguished, in whole or in part by Travelers' breach of the duty of good faith and fair dealing.

*Wherefore*, having answered each and every allegation of Plaintiff's Complaint, the Defendant prays that Travelers' Complaint will be dismissed with prejudice, with plaintiff to bear all costs, and that she will be awarded her litigation expenses and attorney's fees for having to defend against plaintiff's demand. Defendant prays for all such further and additional relief as this Court deems just and proper.

## Cross-Claim

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Fails alleges that her liability, if any, to plaintiff Travelers is secondary to Hub Mechanical and that her liability, if any, under the 2009 Indemnity Agreement is limited to her respective proportionate share of the amount, if any, which is found to be due plaintiff under the 2009 Indemnity Agreement. In the event, plaintiff is successful in enforcing its alleged right to indemnification under the 2009 Indemnity Agreement or common law against her, Defendant is entitled to indemnification and/or contribution from the other defendants who are parties thereto.

*Wherefore*, Defendant demands judgment to be entered in her favor and against the other Defendant Indemnitors, jointly and severally, to the extent the Court finds that Travelers is entitled to payment from Hub Mechanical under the General Indemnity Agreement, plus interest, attorney's fees, and such other further relief as the Court shall deem just and appropriate.

*Respectfully Submitted*, this the 7th day of August, 2013.

Margie C. Fails, Defendant


By: *s/ Robert C. Williamson*
Robert C. Williamson

Of Counsel:

Robert C. Williamson, MSB No. 7286
Baria-Williamson, PLLC
755 North Congress St.
Jackson, MS. 39202
Ph: (601) 948-6005; Fax: (601) 948-0306
Email: rcw@baria-williamson.com

Marcie Fyke Baria, MSB No. 8690
David Baria, MSB No. 8646
Baria-Williamson, PLLC
544 Main Street
Bay St. Louis, MS 39520
Ph: (228) 270-0001; Fax: (601) 948-0306
Email: mbaria@baria-williamson.com; dbaria@baria-williamson.com

## Certificate of Service

I, the undersigned, do hereby certify that I have this day served a true and correct copy of the above and foregoing *Margie Fails' Answer to the Original Complaint* with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record as indicated below:

Ellie B. Word, Esq.
Alec M. Taylor, Esq.
Krebs, Farley & Pelleteri, PLLC
One Jackson Place, Suite 900
188 East Capitol Street
Jackson, MS 39201
Email: eword@kfplaw.com
*Counsel for Travelers Casualty*
*& Surety Company of America*

S. Christopher Farris, Esq.
6645 U. S. Hwy 98 West, Suite #3
Hattiesburg, MS 39402
Email: rusnapper@ol.com
*Counsel for George C. Curry*

I further certify that there are no non-ECF counsel.

*So Certified*, this, the 7th day of August, 2013.

s/ Robert C. Williamson
Robert C. Williamson