IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TRAVELERS CASUALTY & SURETY**
**COMPANY OF AMERICA, INC.**                                              **PLAINTIFF**

V.                               **CIVIL ACTION NO. 2:13cv101-KS-MTP**

**HUB MECHANICAL CONTRACTORS, INC.,**
**CARREME B. CURRY, GEORGE C. CURRY,**
**CINDY B. CURRY, MARGIE C. FAILS,**
**PHILIP A. FAILS, AND ARTHUR C. HENDERSON**          **DEFENDANTS**

---

## **JURY TRIAL DEMANDED**

***Philip A. Fails demands a jury trial as to all issues, claims and matters in this action. Pursuant to Loc. R. 38(a) of the U.S. District Courts of the Southern District of Mississippi, Philip A. Fails has filed or is filing contemporaneously with this pleading a separate Demand for Jury Trial.***

### DEFENDANT FAILS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, Philip A. Fails ("Mr. Fails"), and files this Answer and Affirmative Defenses to Plaintiff's Complaint. In response to the Plaintiff's Complaint, Mr. Fails shows as follows:

### ANSWER

For his answer to the allegations of Travelers' Complaint, Mr. Fails responds with like-numbered paragraphs. All allegations not expressly admitted in this answer are denied. Mr. Fails' admissions are confined to the exact language in this answer and, to the extent any response varies from the wording of the allegations of Travelers' Complaint, those allegations are denied.

1

## PARTIES

1. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Travelers' Complaint and therefore denies same.

2. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Travelers' Complaint and therefore denies same.

3. Mr. Fails admits that Carreme B. Curry is an adult resident citizen of Mississippi. On information and belief, Mr. Fails admits the remaining allegations of paragraph 3 of Travelers' Complaint.

4. Mr. Fails admits that George C. Curry is an adult resident citizen of Mississippi, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of Travelers' Complaint and therefore denies same.

5. Mr. Fails admits that Cindy B. Curry is an adult resident citizen of Mississippi, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of Travelers' Complaint and therefore denies same.

6. Mr. Fails admits the allegations of paragraph 6 of Travelers' Complaint.

7. Mr. Fails admits the allegations of paragraph 7 of Travelers' Complaint.

8. Mr. Fails admits that Arthur C. Henderson is an adult resident citizen of Mississippi, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of Travelers' Complaint and therefore denies same.

## JURISDICTION AND VENUE

9. Mr. Fails admits that this court has subject matter jurisdiction to decide this matter pursuant to 28 U.S.C. § 1332.

10. Mr. Fails admits that venue is proper.

## FACTS

11. On information and belief, Mr. Fails admits the allegations of paragraph 11 of Travelers' Complaint.

12. On information and belief, Mr. Fails admits the allegations of paragraph 12 of Travelers' Complaint.

13. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Travelers' Complaint and therefore denies same.

14. To the extent paragraph 14 alleges that Mr. Fails is an indemnitor to Travelers, Mr. Fails denies the allegations of paragraph 14 of Travelers' Complaint. Otherwise, as to the allegations of paragraph 14 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies same.

15. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Travelers' Complaint and therefore denies same.

16. Mr. Fails denies the allegations of paragraph 16 of Travelers' Complaint to the extent such allegations relate to Mr. Fails. As to the remaining allegations, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Travelers' Complaint and therefore denies same.

17. To the extent that paragraph 17 alleges that Mr. Fails was an indemnitor to Travelers or had any indemnity obligations to Travelers under either the 2005 Indemnity Agreement, the 2009 Indemnity Agreement, or otherwise, Mr. Fails denies all such allegations of paragraph 17 of Travelers' Complaint. Otherwise, as to the remaining allegations of paragraph 17 of Travelers' Complaint, Mr. Fails states affirmatively that the Indemnity Agreements speak for themselves and, to the extent the language quoted in paragraph 17 conflicts with the express language of the applicable Indemnity Agreement, such allegations are denied. With respect to the remaining allegations of paragraph 17 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies same.

## THE ROD COOKE PROJECT

18. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Travelers' Complaint and therefore denies same.

19. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Travelers' Complaint and therefore denies same.

20. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Travelers' Complaint and therefore denies same.

## THE HANCO PROJECT

21. On information and belief, Mr. Fails admits the allegations of paragraph 21 of Travelers' Complaint.

22. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Hanco required Hub to obtain Payment and Performance bonds, which bonds Hub sought to obtain from Travelers" as set forth in paragraph 22 of Travelers' Complaint and therefore denies same. Mr. Fails denies all remaining allegations of paragraph 22 of Travelers' Complaint.

23. Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Travelers' Complaint and therefore denies same.

24. To the extent paragraph 24 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 24 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 24 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Travelers' Complaint and therefore denies same.

25. To the extent paragraph 25 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 25 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 25 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Travelers' Complaint and therefore denies same.

### COUNTY ONE:  INDEMNITY

26. Mr. Fails incorporates by reference all responses to paragraphs 1 through 25 above and re-alleges all such responses as fully as if restated verbatim herein.

27. To the extent paragraph 27 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 27 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 27 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Travelers' Complaint and therefore denies same. Mr. Fails states affirmatively that he is not liable to Travelers for any amount whatsoever.

28. To the extent paragraph 28 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 28 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 28 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Travelers' Complaint and therefore denies same. Mr. Fails states affirmatively that he is not liable to Travelers for any amount whatsoever.

## COUNT TWO:  REIMBURSEMENT

29. Mr. Fails incorporates by reference all responses to paragraphs 1 through 28 above and re-alleges all such responses as fully as if restated verbatim herein.

30. To the extent paragraph 30 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 30 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 30 of Travelers' Complaint, Mr.

Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Travelers' Complaint and therefore denies same. Mr. Fails states affirmatively that he is not liable to Travelers for any amount whatsoever.

### COUNT THREE: ATTORNEYS' FEES AND COSTS

31. Mr. Fails incorporates by reference all responses to paragraphs 1 through 30 above and re-alleges all such responses as fully as if restated verbatim herein.

32. To the extent paragraph 32 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 32 of Travelers' Complaint. Otherwise, as to all remaining allegations of paragraph 32 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Travelers' Complaint and therefore denies same. Mr. Fails states affirmatively that he is not liable to Travelers for any amount whatsoever.

33. To the extent paragraph 33 of Travelers' Complaint alleges that Mr. Fails is an indemnitor to Travelers and that Mr. Fails is liable to Travelers as an indemnitor, Mr. Fails denies all such allegations of paragraph 33 of Travelers' Complaint. Mr. Fails states affirmatively that the Indemnity Agreements speak for themselves and, to the extent paragraph 33 conflicts with the express language of the Indemnity Agreements, such allegations are denied. Otherwise, as to all remaining allegations of paragraph 33 of Travelers' Complaint, Mr. Fails is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of Travelers'

Complaint and therefore denies same. Mr. Fails states affirmatively that he is not liable to Travelers for any amount whatsoever.

## AFFIRMATIVE DEFENSES

Now having fully answered Travelers' Complaint, Mr. Fails affirmatively states as follows:

### FIRST AFFIRMATIVE DEFENSE

Travelers Complaint fails to state a claim for which relief can be granted and should be dismissed as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Mr. Fails is not an indemnitor to Travelers and has no duty to indemnify Travelers for anything. Accordingly, Mr. Fails is not liable to Travelers for any amount whatsoever.

### ADDITIONAL AFFIRMATIVE DEFENSES

Without waiving the First and Second Affirmative Defenses, Mr. Fails also asserts the following Third through Twelfth Affirmative Defenses:

### THIRD AFFIRMATIVE DEFENSE

Travelers failed to mitigate its damages and is therefore barred from recovering for those damages.

### FOURTH AFFIRMATIVE DEFENSE

The damages which Travelers alleges it incurred where unreasonable and unnecessary and therefore Travelers is barred from recovering for those damages.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Fails has never at any time owned any interest in Hub Mechanical and received no benefit whatsoever from any bonds that Travelers issued on behalf of Hub

Mechanical. Moreover, Mr. Fails never received any bargained-for-exchange from Travelers or anyone else with respect to any bonds Travelers issued for Hub Mechanical. Accordingly, there is a failure or lack of consideration which relieves Mr. Fails of any obligations, if any, which he might otherwise have to Travelers (which Mr. Fails denies).

## SIXTH AFFIRMATIVE DEFENSE

Travelers' claims are barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Travelers is precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Travelers is precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Travelers is precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

The 2009 Indemnity Agreement is not a binding and enforceable agreement because there was never any meeting of the minds. Thus, there was never a contractual agreement between Travelers and Mr. Fails.

## ELEVENTH AFFIRMATIVE DEFENSE

The 2009 Indemnity Agreement is not a binding and enforceable agreement due to mistake and illegality. Although Mr. Fails acknowledges that his signature on **Exhibit "A"** attached hereto is his signature, Mr. Fails denies that the purpose of his signature

was to enter into any indemnification agreement with Travelers and, immediately prior to signing the page, he specifically stated that he would not agree to indemnify Hub Mechanical.  Mr. Fails executed the signature page at his home under the express explanation and terms that its purpose was to waive his rights in the property owned by his wife, Margie C. Fails, who was entering into an indemnification agreement with Travelers as she was one of the owners of Hub Mechanical and that Hub Mechanical could not obtain the necessary bond if Mr. Fails did not waive his rights in her property.  Mr. Fails never signed the page attached as **Exhibit "A"** in the presence of Edna Keim, as sworn to in the document and with a total disregard of the requirements of Miss. Const. Art. 14, § 268 and Miss. Code Ann. § 25-33-1, *et seq.*  Edna Keim's actions in violation of the constitutional and statutory requirements expressly designed to protect Mr. Fails constituted negligence *per se.*  Teb Jones, the agent handling the matter in question, and BancorpSouth Insurance Services, Inc. ("BCS Insurance" f/k/a Stewart Sneed Hewes Insurance), the company for which both Teb Jones and Edna Keim work, knew or should have known that Mr. Fails' signature was being obtained under circumstances that violated the law and that were not in accord with Mr. Fails' understanding.  For these reasons, the Indemnity Agreement is not enforceable.

### TWELTH AFFIRMATIVE DEFENSE

Travelers knows that Mr. Fails never entered into any indemnity agreement. Travelers' attempts to enforce any indemnity agreement and/or indemnity obligations against Mr. Fails are willful, malicious and in bad faith, for which Travelers is liable to Mr. Fails for all attorneys' fees, costs and expenses incurred in defending against Travelers' false claims.

## **WHEREFORE, PREMISES CONSIDERED,**

With respect to Plaintiff's unnumbered paragraph beginning "Wherefore, premises considered," Mr. Fails denies that he is an indemnitor to Travelers and denies that Travelers is entitled to any relief whatsoever, specifically including the relief requested in sub-paragraphs a, b, c and d. Mr. Fails prays that this Court will dismiss all Plaintiff's claims with prejudice and award Mr. Fails punitive damages in an amount to be determined by the jury, all attorneys' fees and costs incurred in defending these claims, as well as all other relief which this Court deems just and proper.

**THIS** the 19th day of August, 2013.

Respectfully submitted,

**PHILIP A. FAILS**

By: /s/ *Christopher Solop*
Christopher Solop, MSB #7687
Brenda Redfern, MSB #7428
His Attorneys

**OF COUNSEL:**
**BIGGS, INGRAM, SOLOP & CARLSON, PLLC**
111 Capitol Building
111 East Capitol Street, Suite 101
Jackson, Mississippi  39201
**Christopher Solop**, MSB #7687
   Telephone:  (601) 987-4822
   Facsimile:   (601) 713-9920
   Email: csolop@bisclaw.com
**Brenda Redfern**, MSB #7428
   Telephone: (601) 954-6028
   Facsimile:   (601) 713-9927
   Email:  bredfern@bisclaw.com

## **CERTIFICATE OF SERVICE**

I, Christopher Solop, one of the attorneys for Philip A. Fails, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification to all registered users, including the opposing party's attorneys, including:

Ellie Burnham Word
eword@kfplaw.com

Alec M. Taylor
ataylor@kfplaw.com

    *Attorneys for Travelers Casualty & Surety Company of America*

Samuel Christopher Farris
rusnapper@aol.com

    *Attorney for George C. Curry*

Robert C. Williamson, Jr.
rcw@baria-williamson.com

    *Attorney for Margie C. Fails*

THIS the 19th day of August, 2013.

                                                    /s/ *Christopher Solop*
                                                        Christopher Solop