IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| **TRAVELERS CASUALTY<br>& SURETY COMPANY<br>OF AMERICA, INC.** | **PLAINTIFF** |
| V. | CIVIL ACTION NO. 2:13cv101-KS-MTP |
| **HUB MECHANICAL CONTRACTORS, INC.,<br>CARREME B. CURRY, GEORGE C. CURRY,<br>CINDY B. CURRY, MARGIE C. FAILS,<br>PHILIP A. FAILS, AND ARTHUR C. HENDERSON** | **DEFENDANTS** |

### PHILIP A. FAILS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-CROSSCLAIM TO MARGIE C. FAILS' CROSS-CLAIM

**COMES NOW** Defendant, Philip A. Fails ("Mr. Fails"), and files this Answer, Affirmative Defenses, and Counter-Cross-Claim to Margie C. Fails' Cross-Claim. In response, Mr. Fails shows as follows:

### ANSWER TO CROSS-CLAIM

In response to the unnumbered paragraph labeled "Cross-Claim" on page 7 of Margie Fails' Answer to Original Complaint [Doc. 8], Mr. Fails states that all allegations not expressly admitted in this answer are denied. Mr. Fails' admissions are confined to the exact language in this answer, and, to the extent any response varies from the wording of the allegations of Margie Fails' Cross-Claim, those allegations are denied.

As to Margie Fails' allegations that "her liability, if any, to plaintiff Travelers is secondary to Hub Mechanical," Mr. Fails states that the allegations call for a legal conclusion for which neither an admission nor a denial is required. Nevertheless, to the extent a response is required and without waiving the foregoing, Mr. Fails states that the

bonds were entered into for the benefit of Hub Mechanical and, as such, Hub Mechanical should be held primarily liable for any indemnification obligations to Travelers.

As to Margie Fails' allegations that "her liability, if any, under the 2009 Indemnity Agreement is limited to her respective proportionate share of the amount, if any, which is found to be due plaintiff under the 2009 Indemnity Agreement," Philip Fails states that the allegations call for a legal conclusion for which neither an admission nor a denial is required. Moreover, to the extent that Margie Fails' allegations imply or contend that Philip Fails is an indemnitor to Travelers or has any indemnity obligations of any kind, in whole or in part, whatsoever to Travelers, Mr. Fails denies the allegations.

As to Margie Fails' allegations that "[i]n the event,[sic] plaintiff is successful in enforcing its alleged right to indemnification under the 2009 Indemnity Agreement or common law against her, Defendant is entitled to indemnification and/or contribution from the other defendants who are parties thereto," Mr. Fails denies those allegations. Mr. Fails states affirmatively that he has no indemnification and/or contribution obligations of any kind whatsoever to Margie Fails and that he is not liable to Margie Fails for any amount whatsoever. Mr. Fails further states affirmatively that he has no indemnification and/or contribution obligations of any kind, in whole or in part, whatsoever to any of the other defendants to this litigation and/or to Travelers and that Mr. Fails is not liable to anyone for any amount whatsoever.

With respect to the unnumbered paragraph beginning *"Wherefore,"* Mr. Fails denies that Margie Fails is entitled to any relief whatsoever from Mr. Fails and denies

that she is entitled to any judgment, irrespective of whether joint or several, in any amount and in any respect from Mr. Fails.

Mr. Fails denies any remaining allegations of Margie Fails' Cross-Claim and states affirmatively that he is not liable in any respect to Margie Fails for any amount, in whole or in part, whatsoever.

## AFFIRMATIVE DEFENSES

Now having fully answered Margie Fails' Cross-Claim, Mr. Fails affirmatively states as follows:

### FIRST AFFIRMATIVE DEFENSE

Margie Fails' Cross-Claim fails to state a claim for which relief can be granted and should be dismissed as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Mr. Fails is not an indemnitor to Travelers or Margie Fails and has no duty to indemnify Travelers or Margie Fails for anything. Accordingly, Mr. Fails is not liable to Margie Fails for any amount whatsoever.

### ADDITIONAL AFFIRMATIVE DEFENSES

Without waiving the First and Second Affirmative Defenses, Mr. Fails also asserts the following Third through Twelfth Affirmative Defenses:

### THIRD AFFIRMATIVE DEFENSE

Travelers failed to mitigate its damages and is therefore barred from recovering for those damages. Likewise, Margie Fails is barred from recovering for those damages.

### FOURTH AFFIRMATIVE DEFENSE

The damages which Travelers alleges it incurred were unreasonable and unnecessary and therefore Travelers is barred from recovering for those damages. For the same reasons, Margie Fails is barred from recovering for those damages.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Fails has never at any time owned any interest in Hub Mechanical and received no benefit whatsoever from any bonds that Travelers issued on behalf of Hub Mechanical. Moreover, Mr. Fails never received any bargained-for-exchange from Travelers or anyone else with respect to any bonds Travelers issued for Hub Mechanical. Accordingly, there is a failure or lack of consideration which relieves Mr. Fails of any obligations, if any, which he might otherwise have to Travelers and/or to Margie Fails (all of which Mr. Fails denies).

### SIXTH AFFIRMATIVE DEFENSE

Travelers' claims and Margie Fails' claims are barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Travelers is precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of laches. For the same reason, Margie Fails is precluded from recovering any damages from Mr. Fails.

### EIGHTH AFFIRMATIVE DEFENSE

Travelers and Margie Fails are precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Travelers and Margie Fails are precluded from recovering any damages whatsoever from Mr. Fails based upon the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

The 2009 Indemnity Agreement is not a binding and enforceable agreement because there was never any meeting of the minds. Thus, there was never a contractual agreement between Travelers and Mr. Fails, nor between Mr. Fails and any other party. Mr. Fails is therefore not liable in any amount to Travelers, Margie Fails or any other party.

## ELEVENTH AFFIRMATIVE DEFENSE

The 2009 Indemnity Agreement is not a binding and enforceable agreement due to mistake and illegality. Although Mr. Fails acknowledges that his signature on **Exhibit "A"** attached hereto is his signature, Mr. Fails denies that the purpose of his signature was to enter into any indemnification agreement with Travelers and, immediately prior to signing the page, he specifically stated that he would not agree to indemnify Hub Mechanical. Mr. Fails executed the signature page at his home under the express explanation and terms that its purpose was to waive his rights in the property owned by his wife, Margie C. Fails, who was entering into an indemnification agreement with Travelers as she was one of the owners of Hub Mechanical and that Hub Mechanical could not obtain the necessary bond if Mr. Fails did not waive his rights in her property. Mr. Fails never signed the page attached as **Exhibit "A"** in the presence of Edna Keim, as sworn to in the document and with a total disregard of the requirements of Miss. Const. Art. 14, § 268 and Miss. Code Ann. § 25-33-1, *et seq.* Edna Keim's actions in

violation of the constitutional and statutory requirements expressly designed to protect Mr. Fails constituted negligence *per se.* Teb Jones, the agent handling the matter in question, and BancorpSouth Insurance Services, Inc. ("BCS Insurance" f/k/a Stewart Sneed Hewes Insurance), the company for which both Teb Jones and Edna Keim work, knew or should have known that Mr. Fails' signature was being obtained under circumstances that violated the law and that were not in accord with Mr. Fails' understanding.  For these reasons, the Indemnity Agreement is not enforceable.  As such, Mr. Fails is not liable in any amount to Travelers, Margie Fails or any other party.

## TWELTH AFFIRMATIVE DEFENSE

Travelers and Margie Fails know that Mr. Fails never entered into any indemnity agreement.  Travelers' and Margie Fails' attempts to enforce any indemnity agreement and/or indemnity obligations against Mr. Fails are willful, malicious and in bad faith, for which Travelers and Margie Fails are liable to Mr. Fails for all attorneys' fees, costs and expenses incurred in defending against Travelers' and Margie Fails' false claims.

**WHEREFORE,** Mr. Fails prays that Margie Fails' Cross-Claim will be dismissed with prejudice and that Mr. Fails will be awarded all attorneys' fees, costs and expenses of defending this action, and such further relief as this Court shall deem just and proper.

## FAILS' COUNTER-CROSS-CLAIM AGAINST MARGIE FAILS

Now, having answered all allegations of Margie Fails' Cross-Claim and having asserted his Affirmative Defenses, Fails asserts this Counter-Cross-Claim against Margie Fails.

## PARTIES

1.   Philip A. Fails ("Mr. Fails") is an adult resident citizen of Mississippi who resides at 1460 Cavanaugh Road, Bassfield, Mississippi 39421.

2.   Margie C. Fails ("Margie Fails") is an adult resident citizen of Mississippi who resides at 1460 Cavanaugh Road, Bassfield, Mississippi 39421.  Pursuant to Fed. R. Civ. Proc. 12(a)(1)(B), Margie Fails is deemed served with the filing of this pleading setting forth this Counter-Cross-Claim and is required to serve an answer within 21 days.

## JURISDICTION AND VENUE

3.   This court has subject matter jurisdiction to decide this matter pursuant to 28 U.S.C. § 1332 and Fed. R. Civ. Proc. 13(g).

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

5.   In October, 2009, Margie Fails discussed Hub Mechanical's efforts to obtain bonding with Philip Fails.

6.   Margie Fails told Philip Fails that the owners of Hub Mechanical, which included Margie Fails, were being required to execute indemnification agreements in behalf of Travelers in order to obtain bonding from Travelers for a project that Hub Mechanical wanted to perform.

7.   During October, 2009, Margie Fails asked Philip Fails to sign the document attached as Exhibit "A" hereto.

8.   Margie Fails explained that she needed Philip Fails to sign Exhibit "A" to waive or relinquish whatever rights he had in Margie Fails' property since Margie Fails

was being required to sign an indemnification agreement with Travelers so that Hub Mechanical could obtain bonding for a project.

9. Philip Fails explicitly and expressly told Margie Fails that he did not agree to indemnify anyone, specifically including Hub Mechanical and Travelers, and that he would not sign any document that obligated him to indemnify anyone.

10. Margie Fails again stated that Exhibit "A" was only to waive whatever rights Philip Fails had in Margie Fails' property.

11. Based upon Margie Fails' express conditions related to Exhibit "A", Philip Fails signed Exhibit "A" at his home in the presence of Margie Fails only.

12. Philip Fails never executed Exhibit "A" in the presence of Edna Keim.

13. Philip Fails did not receive any compensation or other remuneration or consideration from Margie Fails or any other person or entity for signing Exhibit "A".

## COUNT I

14. Philip Fails realleges and incorporates by reference paragraphs 1 through 13 of Fails' Counter-Cross-Claim against Margie C. Fails as fully as if set forth herein verbatim.

15. Margie Fails had an obligation to Philip Fails to convey the conditions under which Philip Fails executed Exhibit "A" to any party who might rely on Exhibit "A".

16. Margie Fails' use of Exhibit "A" for any purpose except that which was expressly agreed to by Philip Fails—i.e., to waive any rights he might have in Margie Fails' property—was unauthorized, improper and an abuse of Exhibit "A".

17. To the extent that Philip Fails is found to be liable to any person and/or entity for any amount with respect to and arising from his execution of Exhibit "A", Margie Fails is liable in full to Philip Fails for such amount.

18. Margie Fails is also liable to Philip Fails for all attorneys' fees, costs and expenses he incurs with respect to this action.

## COUNT II

19. Philip Fails realleges and incorporates by reference paragraphs 1 through 17 of Fails' Counter-Cross-Claim against Margie C. Fails as fully as if set forth herein verbatim.

20. Philip Fails' execution of Exhibit "A" does not create any binding obligation or enforceable contractual agreement on his part to any person and/or entity, because there was never any consideration for his execution of the document and/or there was never a meeting of the minds for purposes of creating a binding agreement.

21. To the extent that Philip Fails is found to be liable to any person and/or entity for any amount with respect to and arising from his execution of Exhibit "A", Margie Fails is liable in full to Philip Fails for such amount.

22. Margie Fails is also liable to Philip Fails for all attorneys' fees, costs and expenses he incurs with respect to this action.

## COUNT III

23. Philip Fails realleges and incorporates by reference paragraphs 1 through 21 of Fails' Counter-Cross-Claim against Margie C. Fails as fully as if set forth herein verbatim.

24. All benefits, if any, as a result of any bond issued by Travelers inured solely to Hub Mechanical and/or its owners, including without limitation Margie Fails.

25. To the extent that Philip Fails is found to be liable to any person and/or entity for any amount with respect to and arising from his execution of Exhibit "A", Margie Fails is liable in full to Philip Fails for such amount.

26. Margie Fails is also liable to Philip Fails for all attorneys' fees, costs and expenses he incurs with respect to this action.

**WHEREFORE, PREMISES CONSIDERED,** Philip Fails prays that this Court will enter a judgment in favor of Philip Fails and against Margie Fails to the extent and in the full amount of any liability Philip Fails may have to any other party in this action. Additionally, Philip Fails prays that this Court will enter a judgment in favor of Philip Fails and against Margie Fails for all attorneys' fees, costs and expenses incurred by Philip Fails with respect to this action, and that this Court will grant Philip Fails such other and further relief to which Philip Fails is entitled and is proper.

**THIS** the 11th day of September, 2013.

Respectfully submitted,

**PHILIP A. FAILS**

By: /s/ *Christopher Solop*
Christopher Solop, MSB #7687
Brenda Redfern, MSB #7428
His Attorneys

OF COUNSEL:
**BIGGS, INGRAM, SOLOP & CARLSON, PLLC**
111 Capitol Building
111 East Capitol Street, Suite 101
Jackson, Mississippi   39201
**Christopher Solop**, MSB #7687
   Telephone:  (601) 987-4822
   Facsimile:    (601) 713-9920
   Email: csolop@bisclaw.com
**Brenda Redfern**, MSB #7428
   Telephone:  (601) 954-6028
   Facsimile:    (601) 713-9927
   Email:  bredfern@bisclaw.com

## CERTIFICATE OF SERVICE

I, Christopher Solop, one of the attorneys for Philip A. Fails, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification to all registered users, including the opposing party's attorneys, including:

Ellie Burnham Word
eword@kfplaw.com

   *Attorney for Travelers Casualty & Surety Company of America*

Samuel Christopher Farris
rusnapper@aol.com

   *Attorney for George C. Curry*

Robert C. Williamson, Jr.
rcw@baria-williamson.com

   *Attorney for Margie C. Fails*

THIS the 11th day of September, 2013.

                                                   /s/ *Christopher Solop*
                                                   Christopher Solop