IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA                                                                                          PLAINTIFF

VS.                                                                            CAUSE NO. 2:13cv101KS-MTP

HUB MECHANICAL CONTRACTORS, INC.,
CARREME B. CURRY, GEORGE C. CURRY,
CINDY B. CURRY, MARGIE C. FAILS,
PHILIP A. FAILS, AND ARTHUR C. HENDERSON                       DEFENDANTS

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT AGAINST
MARGIE C. FAILS AND PHILIP A. FAILS

The Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Motion for Summary Judgment against Defendants Margie C. Fails and Philip A. Fails and in support thereof would show as follows:

1. Travelers is a surety company that issues payment and performance bonds and stands as surety for selected contractors.

2. Hub Mechanical Contractors, Inc. ("Hub") is or was a contractor in the business of performing construction work in the State of Mississippi. In order to submit bids on various projects in the State of Mississippi, and elsewhere, Hub was required to obtain payment and performance bonds and sought to obtain these bonds from Travelers.

3. In anticipation of the issuance of such bonds, Travelers required an Indemnity Agreement from the Indemnitors. On or about October 28, 2009, Defendants Hub, Carreme Curry, Margie Fails, Philip Fails and Arthur Henderson executed an

Agreement of Indemnity (the "2009 Indemnity Agreement") with Travelers.[1]

4. Hub entered into a Subcontract Agreement with Hanco Corporation ("Hanco") to complete the HVAC and plumbing work in connection with the project known as "Barracks Tornado Replacement, Camp Shelby, Mississippi" (the "Hanco Project"). Hanco required Hub to obtain Payment and Performance Bonds, which Bonds Hub sought to obtain from Travelers. In reliance on the 2009 Indemnity Agreement, Travelers issued a Subcontractor Performance and Payment Bond, Bond No. 105321247, naming Hub as principal and Hanco as obligee in connection with the Hanco Project (the "Hanco Bond").[2]

5. Hanco thereafter informed Travelers that Hub was in default of the Subcontract Agreement, which default Hub acknowledged. As a result, Travelers incurred Loss in the total amount of $599,379.63, which includes $6,314.50 in attorneys fees.

6. Travelers has also incurred attorney's fees, expenses, and costs in connection with enforcing the 2009 Indemnity Agreement, for which it now seeks indemnity and reimbursement from Margie Fails and Philip Fails. Despite demand, and in violation of the 2009 Indemnity Agreement, Margie Fails and Philip Fails have failed and refused to reimburse Travelers for the Losses incurred by Travelers.

---

[1] A true and correct copy of the 2009 Indemnity Agreement is attached as Exhibit "1" to the Affidavit of Timothy G. Snyder, which is Exhibit "A" hereto.

[2] A copy of the Hanco Bond is attached as Exhibit "2" to the Affidavit of Timothy G.

7.      Indemnity agreements such as the one at hand have been consistently upheld as valid and binding against indemnitors.[3]   Travelers incurred Losses by reason of having executed the Hanco Bond, and the affidavit of Timothy G. Snyder is "prima facie evidence of the propriety, amount and existence of [Margie Fails' and Philip Fails'] liability".[4]

8.      Mr. Fails' defense contained in his Answer that he did not know that he was agreeing to indemnify Travelers, and did not intend to do so, is not persuasive and does not defeat summary judgment.[5]

9.      Travelers has provided the sworn statement of Timothy G. Snyder, an employee of Travelers, that Travelers has incurred Losses as a result of having issued the Hanco Bond.[6]  As provided by the 2009 Indemnity Agreement, Mr. Snyder's sworn

---

Snyder, which is Exhibit "A" hereto.

[3] Great Am. Ins. Co. v. McElwee Bros., 106 Fed. Appx. 197 (5th Cir. 2004); Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co., 335 F.3d 429 (5th Cir. 2003); Bros. In Christ, Inc. v. Am. Fid. Fire Ins. Co., 680 F.Supp. 815 (S.D. Miss. 1987); Morgan v. United States Fid. & Guar. Co., 191 So. 2d 851 (Miss. 1966).

[4] The Affidavit of Timothy G. Snyder, made on behalf of Travelers, is attached as Exhibit "A" hereto and incorporated herein by reference.

[5] See Brown v. Coldwell Banker Real Estate Corp., 2007 U.S. Dist. LEXIS 101287, *4 (N.D. Miss. 2007) ("a person is bound by the contents of the contract she signs, whether she reads it or not."); Washington Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 262-63 (even an illiterate person is charged with reading a contract); Massey v. Tingle, 867 So. 2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); McKenzie Check Advance of Miss., LLC v. Hardy, 866 So. 2d 113, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

[6] See the Affidavit of Timothy G. Snyder, Exhibit A hereto. An itemized account of the Losses incurred in connection with Hub's default on the Hanco Project is attached to Mr. Snyder's Affidavit as Exhibit "3".

statement is prima facie evidence of the amount of Margie Fails' and Philip Fails' liability to Travelers.

10.     In addition, the 2009 Indemnity Agreement provides that the Indemnitors must also reimburse Travelers for all attorney's fees and expenses that it incurs as a result of having executed the Bond <u>and</u> in enforcing its right to be indemnified.  Travelers incurred $6,314.50 in attorney's fees and expenses in connection with Hub's default on the Hanco Project, which amount is included in the total amount claimed by Travelers in connection with the Hanco Project. In addition, as of November 1, 2013, Travelers has incurred $7,883.00 in attorney's fees and expenses in connection with enforcing its indemnity rights.[7]

11.     Travelers therefore requests judgment against Margie Fails and Philip Fails, jointly and severally, in the total sum of $607,262.63.

12.     Travelers requests that it be awarded pre- and post-judgment interest calculated at the maximum amount allowed by law from the date due until paid.  Pre-judgment interest is recoverable in this instance as the amount owed to Travelers by Margie Fails and Philip Fails is liquidated.  <u>McLemore v. McLemore</u>, 63 So. 2d 468 (Miss. 2011).

WHEREFORE, PREMISES CONSIDERED, because no genuine issue of material fact exists as to the obligations of Margie Fails and Philip Fails to Travelers under the

---

[7] <u>See</u> Affidavit of Timothy G. Snyder, Exhibit A hereto.

2009 Indemnity Agreement, Travelers Casualty & Surety Company of America respectfully requests that it be granted summary judgment in its favor and against the Defendants, Margie C. Fails and Philip A. Fails, jointly and severally, in the total amount of $607,262.63, plus pre- and post-judgment interest.

This the 7th day of February, 2014.

        Respectfully submitted,

        KREBS, FARLEY & PELLETERI, PLLC


       BY:  /s/ Ellie B. Word
          ELLIE B. WORD MSB # 100408


KREBS, FARLEY & PELLETERI, PLLC
One Jackson Place, Suite 900
188 East Capitol Street, Suite 900
Jackson, Mississippi 39201
601-968-6710 (Telephone)
601-968-6708 (Facsimile)
eword@kfplaw.com
*Counsel for Travelers Casualty & Surety Company of America*

- 6 -

## CERTIFICATE OF SERVICE

I, Ellie B. Word, do hereby certify that a copy of the foregoing Motion for Summary Judgment has been served via the ECF System to the following:

Mr. Robert C. Williamson
Barria-Williamson PLLC
4316 Old Canton Road, Suite 100A
Jackson, Mississippi 39211
*Attorney for Margie C. Fails*

Mr. Christopher Solop
Biggs, Ingram, Solop & Carlson, PLLC
P.O. Box 14028
Jackson, Mississippi 39236-4028
*Attorney for Philip A. Fails*

Mr. S. Christopher Farris
Farris Law Offices
6645 Highway 98 West, Suite 3
Hattiesburg, Mississippi 39402-7509

This the 7th day of February, 2014.

/s/ Ellie B. Word
ELLIE B. WORD