**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA**                                                                                            **PLAINTIFF**

**VS.**                                                                          **CAUSE NO. 2:13cv101KS-MTP**

**HUB MECHANICAL CONTRACTORS, INC.,
CARREME B. CURRY, GEORGE C. CURRY,
CINDY B. CURRY, MARGIE C. FAILS,
PHILIP A. FAILS, AND ARTHUR C. HENDERSON**                               **DEFENDANTS**

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT AGAINST
MARGIE C. FAILS AND PHILIP A. FAILS**

The Plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion for Summary Judgment against Defendants Margie C. Fails and Philip A. Fails and in support thereof would show as follows:

**FACTS**

Travelers is a surety company that issues payment and performance bonds and stands as surety for selected contractors. Hub Mechanical Contractors, Inc. ("Hub") is or was a contractor in the business of performing construction work in the State of Mississippi. In order to submit bids on various projects in the State of Mississippi, and elsewhere, Hub was required to obtain payment and performance bonds and sought to obtain these bonds from Travelers.

In anticipation of the issuance of such bonds, Travelers required an Indemnity

1

Agreement from the Indemnitors.  On or about February 11, 2005, Defendants Hub, Carreme Curry, George Curry and Cindy Curry executed an Agreement of Indemnity (the "2005 Indemnity Agreement") with Travelers.  On or about October 28, 2009, Defendants Hub, Carreme Curry, Margie Fails, Philip Fails and Arthur Henderson executed an Agreement of Indemnity (the "2009 Indemnity Agreement") with Travelers.[1]

Under the 2009 Indemnity Agreement, the Indemnitors, including Defendants Margie Fails and Philip Fails, agreed to the following obligations, *inter alia*:

> **3. Indemnification and Hold Harmless**: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss.  An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.  Amounts due to Company shall be payable upon demand.
>
> Loss is defined by the GAI as:
>
> All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement including, but not limited to, all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement, and (f) all interest accruing thereon at the maximum legal rate.

---

[1] A true and correct copy of the 2009 Indemnity Agreement is attached as Exhibit "1" to the Affidavit of Timothy G. Snyder, which is Exhibit "A" to Travelers' Motion for Summary Judgment**.** The 2009 Indemnity Agreement was also executed by Indemnitor Donna F. Henderson, who is now deceased, based on information and belief.  As Travelers' Motion for Summary Judgment only pertains to its claims against Margie Fails and Philip Fails, the 2009 Indemnity Agreement is the only agreement that is relevant here as Margie Fails and Philip Fails did not sign the 2005 Indemnity Agreement.

Hub entered into a Subcontract Agreement with Hanco Corporation ("Hanco") to complete the HVAC and plumbing work in connection with the project known as "Barracks Tornado Replacement, Camp Shelby, Mississippi" (the "Hanco Project"). Hanco required Hub to obtain Payment and Performance Bonds, which Bonds Hub sought to obtain from Travelers. In reliance on the 2009 Indemnity Agreement, Travelers issued a Subcontractor Performance and Payment Bond, Bond No. 105321247, naming Hub as principal and Hanco as obligee in connection with the Hanco Project (the "Hanco Bond").[2]  Hanco thereafter informed Travelers that Hub was in default of the Subcontract Agreement, which default Hub acknowledged.  As a result, Travelers incurred Loss in the total amount of $599,379.63, which includes $6,314.50 in attorney's fees.

Travelers has also incurred attorneys' fees, expenses, and costs in connection with enforcing the 2009 Indemnity Agreement, for which it now seeks indemnity and reimbursement from Margie Fails and Philip Fails.   Despite demand, and in violation of the 2009 Indemnity Agreement, Margie Fails and Philip Fails have failed and refused to reimburse Travelers for the Losses incurred by Travelers.

### ARGUMENT

**A.     Summary Judgment Standard**.

The United States Supreme Court and Rule 56 of the Federal Rules of Civil

---

[2] A copy of the Hanco Bond is attached as Exhibit "2" to the Affidavit of Timothy G.

Procedure mandate that summary judgment "shall be rendered forthwith" when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[3] Once the movant carries its initial burden, "the burden shifts to the non-movant to show that summary judgment is inappropriate."[4]

Further, once the initial burden is met, the opponent of summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[5] As Rule 56 states, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"[6] Here, there are no disputed facts and summary judgment is appropriate.

### B. There is No Genuine Issue of Material Fact that Margie Fails and Philip Fails are Liable to Travelers.

The 2009 Indemnity Agreement provides that Margie Fails and Philip Fails "shall exonerate, indemnify and save Company harmless from and against all Loss", with "Loss" being defined, in part, as "[a]ll loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any

---

Snyder, which is Exhibit "A" to Traveler's Motion for Summary Judgment.
[3] Fed. R. Civ. P. 56 (c); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986) and Moore v. Mississippi Valley State Univ., 871 F.2d 545 (5th Cir. 1989).
[4] Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir.1991).
[5] Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (U.S. 1986)(citations omitted).

Bond or this Agreement . . ." The 2009 Indemnity Agreement further provides that "[a]n itemized, sworn statement by an employee of Company, or other evidence of payment, **shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.**"[7]

Indemnity agreements such as the one at hand have been consistently upheld as valid and binding against indemnitors.[8] Travelers incurred Losses by reason of having executed the Hanco Bond, and the affidavit of Timothy G. Snyder is "prima facie evidence of the propriety, amount and existence of [Margie Fails' and Philip Fails'] liability".[9]

Mr. Fails' defense contained in his Answer that he did not know that he was agreeing to indemnify Travelers, and did not intend to do so, is not persuasive and does not defeat summary judgment. Under Mississippi law, the failure to read a contract before executing it is not a defense.[10] Mr. Fails should have read the 2009 Indemnity

---

[6] Id. (citing Fed. Rule Civ. Proc. 56(e)).

[7] (Emphasis added). See, 2009 Indemnity Agreement, ¶3, Exh. A to Travelers' Motion for Summary Judgment.

[8] Great Am. Ins. Co. v. McElwee Bros., 106 Fed. Appx. 197 (5th Cir. 2004); Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co., 335 F.3d 429 (5th Cir. 2003); Bros. In Christ, Inc. v. Am. Fid. Fire Ins. Co., 680 F.Supp. 815 (S.D. Miss. 1987); Morgan v. United States Fid. & Guar. Co., 191 So. 2d 851 (Miss. 1966).

[9] The Affidavit of Timothy G. Snyder, made on behalf of Travelers, is attached as Exhibit "A" to Travelers' Motion for Summary Judgment and incorporated therein by reference.

[10] See Brown v. Coldwell Banker Real Estate Corp., 2007 U.S. Dist. LEXIS 101287, *4 (N.D. Miss. 2007) ("a person is bound by the contents of the contract she signs, whether she reads it or not."); Washington Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 262-63 (even an illiterate person is charged with reading a contract); Massey v. Tingle, 867 So. 2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document

Agreement prior to signing it. His failure to do so is no fault of Travelers and should not preclude Mr. Fails from being liable thereunder.

Because there is no genuine issue of material fact as to the fact of Margie Fails and Philip Fails' liability, Travelers is entitled to judgment against Margie Fails and Philip Fails jointly and severally.

### C. There is No Genuine Issue of Material Fact as to the Amount Owed to Travelers.

As stated above, the 2009 Indemnity Agreement provides that "[a]n itemized, sworn statement by an employee of Company, or other evidence of payment, **shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.**"[11] Travelers has provided the sworn statement of Timothy G. Snyder, an employee of Travelers, that Travelers has incurred Losses as a result of having issued the Hanco Bond.[12] As provided by the 2009 Indemnity Agreement, Mr. Snyder's sworn statement is prima facie evidence of the amount of Margie Fails' and Philip Fails' liability to Travelers.

In addition, the 2009 Indemnity Agreement provides that the Indemnitors must

---

that he executes."); McKenzie Check Advance of Miss., LLC v. Hardy, 866 So. 2d 113, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

[11] (Emphasis added). See, 2009 Indemnity Agreement, ¶3, Exh. A to Travelers' Motion for Summary Judgment.

[12] See the Affidavit of Timothy G. Snyder, Exhibit A to Travelers' Motion for Summary Judgment. An itemized account of the Losses incurred in connection with Hub's default on the Hanco Project is attached to Mr. Snyder's Affidavit as Exhibit "3".

also reimburse Travelers for all attorney's fees and expenses that it incurs as a result of having executed the Bond <u>and</u> in enforcing its right to be indemnified. Specifically, the 2009 Indemnity Agreement states:

> The Undersigned shall exonerate and keep indemnified the Surety against any and all liability for losses and expenses of whatsoever kind or nature, <u>including attorneys fees and costs</u>, by reason of having executed or procured the execution of Bonds, or by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and conditions of this Agreement.

Travelers incurred $6,314.50 in attorney's fees and expenses in connection with Hub's default on the Hanco Project, which amount is included in the total amount claimed by Travelers in connection with the Hanco Project. In addition, as of November 1, 2013, Travelers has incurred $7,883.00 in attorney's fees and expenses in connection with enforcing its indemnity rights.[13]

Travelers therefore requests judgment against Margie Fails and Philip Fails, jointly and severally, in the total sum of $607,262.63, which amount represents the following:

    a.    $599,379.63 incurred as a result of Hub's default on the Hanco Project; and

    b.    $7,883.00 in attorney's fees and expenses incurred by Travelers in enforcing its indemnity rights.

---

[13] <u>See</u> Affidavit of Timothy G. Snyder, Exhibit A to Travelers' Motion for Summary Judgment.

Because there is no genuine issue of material fact as to the amount owed by Margie Fails and Philip Fails to Travelers, Travelers moves this Court for summary judgment against those Defendants.

D.     **Travelers is Entitled to Pre- and Post-Judgment Interest.**

Travelers requests that it be awarded pre- and post-judgment interest calculated at the maximum amount allowed by law from the date due until paid.  Pre-judgment interest is recoverable in this instance as the amount owed to Travelers by Margie Fails and Philip Fails is liquidated.  McLemore v. McLemore, 63 So. 2d 468 (Miss. 2011).

WHEREFORE, PREMISES CONSIDERED, because no genuine issue of material fact exists as to the obligations of Margie Fails and Philip Fails to Travelers under the 2009 Indemnity Agreement, Travelers Casualty & Surety Company of America respectfully requests that it be granted summary judgment in its favor and against the Defendants, Margie C. Fails and Philip A. Fails, jointly and severally, in the total amount of $607,262.63, plus pre- and post-judgment interest.

This the 7th day of February, 2014.

        Respectfully submitted,

        KREBS, FARLEY & PELLETERI, PLLC


        BY:     /s/ Ellie B. Word
           ELLIE B. WORD MSB # 100408

- 9 -

KREBS, FARLEY & PELLETERI, PLLC
One Jackson Place, Suite 900
188 East Capitol Street, Suite 900
Jackson, Mississippi 39201
601-968-6710 (Telephone)
601-968-6708 (Facsimile)
*Counsel for Travelers Casualty & Surety Company of America*

## CERTIFICATE OF SERVICE

I, Ellie B. Word, do hereby certify that a copy of the foregoing Memorandum in Support of Motion for Summary Judgment has been served via the ECF System to the following:

Mr. Robert C. Williamson
Barria-Williamson PLLC
4316 Old Canton Road, Suite 100A
Jackson, Mississippi 39211
*Attorney for Margie C. Fails*

Mr. Christopher Solop
Biggs, Ingram, Solop & Carlson, PLLC
P.O. Box 14028
Jackson, Mississippi 39236-4028
*Attorney for Philip A. Fails*

Mr. S. Christopher Farris
Farris Law Offices
6645 Highway 98 West, Suite 3
Hattiesburg, Mississippi 39402-7509

This the 7th day of February, 2014.

/s/ Ellie B. Word
ELLIE B. WORD