**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TRAVELERS CASUALTY & SURETY COMPANY**
**OF AMERICA**                                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:13cv101-KS-MTP**

**HUB MECHANICAL CONTRACTORS, INC.,**
**CARREME B. CURRY, GEORGE C. CURRY,**
**CINDY B. CURRY, MARGIE C. FAILS,**
**PHILIP A. FAILS, AND ARTHUR C. HENDERSON**                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Travelers Casualty & Surety Company of America's Motion for Default Judgment Against Hub Mechanical Contractors, Inc., Carreme B. Curry and Arthur C. Henderson ("Motion for Default Judgment") [17]. Having considered the motion, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

## I.  RELEVANT BACKGROUND

On May 15, 2013, Travelers Casualty & Surety Company of America ("Travelers") filed suit against Hub Mechanical Contractors, Inc. ("Hub"), Carreme B. Curry, George C. Curry, Cindy B. Curry, Margie C. Fails, Philip A. Fails, and Arthur C. Henderson in this Court. (*See* Compl. [1].) Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332. The Complaint indicates that Travelers is a Connecticut corporation, that Hub was a Mississippi corporation before it was administratively dissolved, and that all of the individual Defendants are adult resident citizens of Mississippi. The Complaint requests damages well in excess of $75,000.

Travelers contends that the Defendants are liable to it as "Indemnitors."  The following facts and circumstances alleged in the Complaint underlie this contention. Travelers is a surety company that issues payment and performance bonds on behalf of selected contractors.  Hub is or was a contractor performing construction work in Mississippi.  Hub sought to obtain payment and performance bonds from Travelers in order to bid on various construction projects in Mississippi.  Travelers required an Indemnity Agreement from the Indemnitors in anticipation of the issuance of the bonds. On February 11, 2005, Hub, Carreme Curry, George Curry, and Cindy Curry executed a General Agreement of Indemnity (the "2005 Indemnity Agreement") [1-2] in favor of Travelers.  On October 28, 2009, Hub, Carreme Curry, Margie Fails, Philip Fails, and Arthur Henderson executed a General Agreement of Indemnity (the "2009 Indemnity Agreement") [1-3] in favor of Travelers.  The 2005 Indemnity Agreement and 2009 Indemnity Agreement both contain the following provision:

> Indemnification and Hold Harmless:  Indemnitors shall exonerate, indemnify and save Company [Travelers] harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.  Amounts due to Company shall be payable upon demand.

(Doc. Nos. [1-2 at ECF p. 1], [1-3 at ECF p. 1].)  "Loss" is defined under the Agreements as:

> All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's:  (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all

-2-

interest accruing thereon at the maximum legal rate.

(Doc. Nos. [1-2 at ECF p. 1], [1-3 at ECF p. 1].)

Travelers contends that Hub, Carreme Curry, George Curry, and Cindy Curry are jointly and severally liable for Loss in the amount of $857,611.43, in connection with a Subcontract Performance Bond [1-4] issued by Travelers, as Surety, to Rod Cook Construction ("Rod Cooke"), as Obligee.  Travelers asserts that Hub entered into a subcontract agreement with Rod Cooke to complete certain work on a construction project known as Coast Electric Power Association – New Headquarters Facility (the "Rod Cooke Project").  Travelers further alleges that Rod Cooke required Hub to obtain a payment and performance bond in connection with the subcontract, and that it issued Bond No. 105289813 (the "Rod Cooke Bond") [1-4] in reliance on the 2005 Indemnity Agreement [1-2].  The Rod Cooke Bond is dated July 8, 2009, lists an amount of $1,319,500.00, and essentially requires Travelers to cure any default or failure to perform by Hub under its subcontract with Rod Cooke.  Travelers alleges that it incurred the Loss of $857,611.43 subsequent to Rod Cooke advising that Hub was in default under the subcontract.

Travelers also alleges that Hub, Carreme Curry, Margie Fails, Phillip Fails, and Arthur Henderson are jointly and severally liable for Loss in the amount of $599,379.63, in connection with a Subcontract Performance and Payment Bond [1-5] issued by Travelers, as Surety, to Hanco Corporation ("Hanco"), as Obligee.  Travelers asserts that Hub entered into a subcontract agreement with Hanco to complete certain work on a construction project known as Barracks Tornado Replacement, Camp Shelby, Mississippi (the "Hanco Project").  Travelers further alleges that Hanco required Hub to

-3-

obtain a payment and performance bond in connection with the subcontract, and that it issued Bond No. 105321247 (the "Hanco Bond") [1-5] in reliance on the 2009 Indemnity Agreement [1-3].  The Hanco Bond is dated October 29, 2009, lists an amount of $1,313,000.00, and essentially requires Travelers to cure any default or failure to perform by Hub under its subcontract with Hanco.  Travelers alleges that it incurred the Loss of $599,379.63 subsequent to Hanco advising that Hub was in default under the subcontract.

Travelers further seeks "all attorneys' fees, costs and expenses incurred in connection with this action to enforce the indemnity obligations under the 2005 Indemnity Agreement and the 2009 Indemnity Agreement."  (Compl. [1] at ¶ 33.)

The docket reflects the following time line of events pertinent to the subject motion:

(i)    On May 23, 2013, Arthur Henderson was served with process.[1]

(ii)   On May 25, 2013, Carreme Curry was served with process.[2]

(iii)  On August 16, 2013, Hub was served with process.[3]

(iv)   On September 25, 2013, Travelers moved for the Clerk to enter default against Hub, Carreme Curry, and Arthur Henderson.[4]

(v)    On October 18, 2013, the Clerk's Entry of Default [16] was entered as to

---

[1] (*See* Doc. No. [3].)

[2] (*See* Doc. No. [6].)

[3] (*See* Doc. No. [12].)

[4] (*See* Doc. No. [14].)

Hub, Carreme Curry, and Arthur Henderson.

(vi)     On November 19, 2013, Travelers filed its Motion for Default Judgment [17].

(vii)    On February 7, 2014, Travelers provided notice that it was withdrawing its request for a default judgment as to Carreme Curry only.[5]

Only Travelers' request for a default judgment against Hub and Arthur Henderson will be addressed below in light of its Notice of Withdrawal [23] as to Carreme Curry.  Neither Hub nor Arthur Henderson has entered an appearance, filed an answer, or responded to the Motion for Default Judgment [17] as of the date of this opinion.

## II.  DISCUSSION

There are three prerequisites to a plaintiff obtaining a default judgment under Federal Rule of Civil Procedure 55.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a defendant must be in default for failing to plead or otherwise answer the complaint within the time prescribed by the Federal Rules.  *Id.*  Second, the clerk must enter the defendant's default on the record upon receipt of an affidavit establishing the defendant's failure to plead or otherwise defend.  *Id.* (citing Fed. R. Civ. P. 55(a)).  Third, the plaintiff must request a default judgment pursuant to Rule 55(b). *Id.*

All of the preceding requirements have been met in this case.  Thus, the Court now considers whether there is "a sufficient basis in the pleadings for the judgment

---

[5] (*See* Notice of Withdrawal [23].)

entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  By his default, a defendant admits the well-pleaded allegations of fact appearing in the complaint.  *See id.* (citations omitted).  Yet, "[t]he defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."  *Id.*  A defendant's default also fails to establish conclusively the amount of damages.  *See United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted).  Unliquidated damages are usually not awarded in the absence of an evidentiary hearing.  *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).  The district court may dispense with such a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Id.*

The Court finds that Travelers is entitled to a default judgment against Hub and Arthur Henderson.  The admitted averments of the Complaint, along with its attachments, establish that Hub agreed to indemnify Travelers for all loss and expense of any kind or nature that Travelers incurred in connection with the issuance of any bond pursuant to the 2005 Indemnity Agreement [1-2] and the 2009 Indemnity Agreement [1-3].  Hub's default also establishes that Travelers issued the Rod Cooke Bond [1-4] in reliance on the 2005 Indemnity Agreement and issued the Hanco Bond [1-5] in reliance on the 2009 Indemnity Agreement.  Furthermore, Travelers incurred losses in connection with the Rod Cooke Bond and Hanco Bond after Hub defaulted or failed to perform under subcontracts pertaining, respectively, to the Rod Cooke Project and Hanco Project.  Arthur Henderson's status as a party to the 2009 Indemnity Agreement and resulting obligation to indemnify Travelers in connection with its losses

associated with the Hanco Bond is also no longer in dispute.  An agreement requiring a contractor and its principals to indemnify a performance bond surety for its payments and expenses incurred pursuant to a bond is enforceable in the Fifth Circuit, the Northern and Southern Districts of Mississippi, and Mississippi state court.[6]  Therefore, Hub and Arthur Henderson will be held to their respective obligations to indemnify Travelers for its losses.

The Court further finds that it has insufficient information to determine the amount of any default judgment against Hub and Arthur Henderson.  Travelers submitted an affidavit from Timothy G. Snyder, a Bond Claim Executive, as an exhibit to its Motion for Default Judgment.  (*See* Snyder Aff. [17-3].)  The affidavit generally tracks the allegations of the Complaint.  As to the Rod Cooke Bond/Rod Cooke Project, Mr. Snyder states that "Travelers incurred Losses as defined by the 2005 Indemnity Agreement in the total amount of $857,611.43, after all applicable credits."  (Snyder Aff. [17-3] at ¶ 6.)  As to the Hanco Bond/Hanco Project, Mr. Snyder states that "Travelers incurred Losses as defined by the 2009 Indemnity Agreement in the total amount of $599,379.63."  (Snyder Aff. [17-3] at ¶ 8.)  These sums may be "capable of mathematical calculation", but Travelers' math has not been presented to the Court.  *Leedo Cabinetry*, 157 F.3d at 414.  For instance, there is no itemization of expenses detailing Travelers' losses in connection with the Hanco Bond or Rod Cooke Bond in Mr.

_____

[6] *See, e.g.*, *Great Am. Ins. Co. v. McElwee Bros.*, 106 Fed. Appx. 197, 201-02 (5th Cir. 2004); *Ins. Co. of the W. v. Triangle Maint. Serv., LLC*, No. 1:11cv190, 2012 WL 4467555, at *1, 5 (N.D. Miss. Sept. 27, 2012); *RLI Ins. Co. v. Terrymark Constr. Co.*, No. 4:04cv11, 2007 WL 4179474, at *1 (S.D. Miss. Nov. 20, 2007); *Fid. & Deposit Co. of Md. v. Ralph McKnight & Son Constr., Inc.*, 28 So. 3d 1282, 1283 (¶ 1), 1285 (¶ 15) (Miss. 2010).

Snyder's affidavit.  There are also no invoices or similar documents attached to the affidavit that could be utilized to determine how Travelers calculates its losses.  The conclusory assertion of Travelers' losses in Mr. Snyder's affidavit provides no more information than the Complaint on this issue, and fails to enable a default judgment in the amount sought by Travelers.  *Cf. Pleasant Valley Biofuels, LLC v. Quest Capital Fin., Inc.*, No. 12cv00229, 2013 WL 1819768, at *3 (D. Idaho Apr. 29, 2013) ("Simply because Pleasant Valley's counsel may be sure of the $280,000.00 sum does not make its damage claim a 'sum certain' under . . . Rule [55].") (citations omitted); *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 402 (D. Maine 2010) (denying without prejudice a motion for default judgment where the movant merely provided the court with an affidavit from an employee stating an amount owed without any documentation to corroborate the employee's say-so).  Travelers will be permitted to clarify how it calculates its losses by way of a supplemental filing with evidentiary materials or via the presentation of evidence at a hearing on damages in accordance with Federal Rule of Civil Procedure 55(b)(2).

The amount of attorneys' fees to be included in any default judgment against Hub and Arthur Henderson also cannot be determined at this time.  Mississippi law[7] permits an award of attorneys' fees when an agreement sued upon contains a provision authorizing their recovery.  *See, e.g.*, *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 452 (¶ 29) (Miss. 2012); *Harrison v.*

---

[7] State law applies to the issue of an award of attorneys' fees in a diversity action. *See Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 479 (5th Cir. 2011).

*McMillan*, 828 So. 2d 756, 767 (¶ 37) (Miss. 2002).  Both the 2005 Indemnity

Agreement and 2009 Indemnity Agreement allow Travelers to recover "attorneys' . . .

fees" incurred in litigation seeking recovery from Indemnitors.  (Doc. Nos. [1-2 at ECF p.

1], [1-3 at ECF p. 1].)  However, Travelers' bare assertion that it has incurred $7,883.00

in "attorneys' fees and costs in connection with the enforcement of the 2005 Indemnity

Agreement and the 2009 Indemnity Agreement"[8] omits much information courts typically

consider before awarding such fees.  *See Tupelo Redevelopment Agency v. Gray*

*Corp.*, 972 So. 2d 495, 520-21 (¶¶ 78-80) (Miss. 2007) (listing factors such as the time

and labor required, the nature of the case, and the customary charges for similar legal

services in the community).  Thus, Travelers will also be permitted to supplement its

request for a default judgment with attorney billing information so as to enable the Court

to determine an appropriate award.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Travelers' Motion for

Default Judgment [17] is granted in part and denied in part.  Travelers is entitled to a

default judgment against Defendants Hub Mechanical Contractors, Inc. and Arthur C.

Henderson in this cause.  The Court will defer entering the judgment until Travelers

submits the information regarding damages and attorneys' fees specified above.

Travelers may submit this information either through a supplemental filing or at an

evidentiary hearing.  Available hearing dates can be obtained from the undersigned's

Chambers.  If Travelers opts to file a supplemental request for default judgment, it shall

---

[8] (Snyder Aff. [17-3] at ¶ 9.)

serve Defendants Hub Mechanical Contractors, Inc. and Arthur C. Henderson with a copy of the request in accordance with Federal Rule of Civil Procedure 5(b)(2)(A), (B) or (C).

SO ORDERED AND ADJUDGED this the 15th day of April, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE