IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, INC.                                                   PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 2:13cv101-KS-MTP

HUB MECHANICAL CONTRACTORS, INC.,
CARREME B. CURRY, GEORGE C. CURRY,
CINDY B. CURRY, MARGIE C. FAILS,
PHILIP A. FAILS, AND ARTHUR C. HENDERSON           DEFENDANTS
_____

**MEMORANDUM IN SUPPORT OF *MOTION OF HUB REFRIGERATION & FIXTURE CO., INC. TO QUASH OR, ALTERNATIVELY, MODIFY SUBPOENA DUCES TECUM***
_____

In support of its *Motion to Quash or, Alternatively, Modify Subpoena Duces Tecum*, Hub Refrigeration & Fixture Co., Inc. ("Hub Refrigeration") offers the following supporting memorandum:

1.  **The subpoena should be quashed by reason of its sponsor's non-compliance with Fed.R.Civ.P. 45(a)(4).**

In addition to its concerns about the breadth of and burdens created by this subpoena, Hub Refrigeration suggests non-compliance with Federal Rule of Civil Procedure 45(a)(4) (requiring a copy of the subpoena to be provided to every party before it is served) and moves that the subpoena be quashed. Compare Fed.R.Civ.P. 45(a)(4) (notice and copy of subpoena duces tecum to be provided to each party before being served on person to whom it is directed) with *Notice of Service of Subpoenas* [Document 47] dated April 24, 2014 (stating only that "notice is hereby given that Defendant Philip A. Fails will serve a Subpoena on Hub Refrigeration & Fixture Co., Inc.").

Consistent with its content, the Notice is not accompanied by the subpoena, which instead – on information and belief – was not provided to other counsel before being served on Hub

1

Refrigeration.

Raising this point is not an elevation of procedure over substance. According to the Advisory Notes to Rule 45, the newly revised Rule "explicitly requires that a copy of the subpoena accompany [the] notice." 2013 Amendment [effective December 1, 2013], Advisory Notes Subdivision (a). This is "intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials." Id (as discussed in *Richardson v. Axion Logistics, LLC*, 2013 WL 5554641 (M.D. La. 2013), n. 2).

Further, this Court has ruled that "a party's failure to serve a copy of the subpoena on an opponent, has been held to substantiate a decision to quash the subpoena." *Williams v. Weems Community Mental Health Center*, 2006 WL 905955 (SD Miss. 2006) (granting motion to quash on grounds that included failure to serve copy of subpoena on other counsel); see also *Florida Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006) (Rule 45(b)(1)[1] requires "prior notice of any commanded production of documents or things or inspection of premises before trial shall be served on each party").

The subpoena should be quashed.

2. **Alternatively, the subpoena should be modified to give Hub Refrigeration and its counsel more time to answer and to cure potential problems with breadth and with creation of avoidable burdens.**

Subpoenas issued for discovery purposes, such as this one, are subject to discovery limitations outlined in Federal Rule of Civil Procedure 26(b). Specifically, "the matter sought by the party issuing [a] subpoena must be reasonably calculated to lead to admissible evidence." *Durand v. Walmart Associates, Inc.*, 2009 WL 2181258 (SD Miss 2009). Although the holding

---

[1] Predecessor to current Rule 45(a)(4); 2013 Rule amendments moved the requirement to its own subdivision to reinforce the notice requirement.

involved a subpoena served on a *party*, there is no just reason to impose a different rule as to a non-party.  Indeed, why afford a non-party lesser protections than those afforded a party regarding the scope of subpoenas?  Rule 45(d)(3) contemplates just the opposite in invoking protections against "undue burden" and against disclosure of "confidential commercial information."

This subpoena seeks twenty-three different categories of documents from an entity that is not even a part of this litigation.  Acting pursuant to Rules 45(d)(3) and 26(c) and subject to its motion to quash, Hub Refrigeration asks for all relief necessary to protect it from undue burden and expense, an overly broad subpoena, annoyance, embarrassment, and oppression through modification of the subpoena in at least four respects:

(a) giving Hub Refrigeration and its newly retained counsel fourteen (14) additional days to respond, inasmuch as Hub Refrigeration retained the services of undersigned counsel May 6, 2014, and the undersigned has not had a chance to complete review the subject subpoena, consider same alongside relevant Rules and case law, and finish meeting with the client regarding same;

(ii) narrowing the scope of demanded documents to only those that Fails can establish to the satisfaction of this Court are (a) relevant to any party's claim or defense, and (b) are justified given the demands of the case and the burdens on Hub Refrigeration;

(iii) eliminating from the subpoena any demands for disclosure of confidential commercial information; and

(iv) requiring Fails to pay all of Hub Refrigeration's expenses allowed under the Federal Rules related to this subpoena.

In compliance with Fed.R.Civ.P. 26(c), the undersigned will confer or attempt to confer

with counsel for Mr. Fails in an effort to resolve protective relief requested above. Should the Court decide not to quash the subpoena for reasons urged above, the additional time for compliance requested will or should allow enough time for counsel to confer regarding the subpoena. Should efforts to resolve differences not succeed, notwithstanding the additional time, Hub Refrigeration asks for leave to supplement this supporting memorandum with further argument and authorities.

          Respectfully submitted,

          HUB REFRIGERATION & FIXTURE CO., INC.

            s/    Brian A. Montague
By:_____
          BRIAN A. MONTAGUE, MSBN 3407
          It's Attorney

Brian A. Montague
Law Offices of Brian A. Montague, PLLC
25 Town Center Square
Hattiesburg, MS 39402
Phone: (601) 450-1111
Fax: (601) 450-1120
Email: brian.m@montaguelawyer.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day served via the ECF system, a true and correct copy of the above and foregoing MEMORANDUM IN SUPPORT OF MOTION OF HUB REFRIGERATION & FIXTURE CO., INC. TO QUASH OR, ALTERNATIVELY, MODIFY SUBPOENA DUCES TECUM to the following:

Hon. Christopher Solop
Hon. Kimberly B. Taft
Biggs, Ingram, Solop, & Carlson, PLLC
111 Capitol Building
Post Office Box 14028
Jackson, MS 39236-4028
*Attorneys for Phillip A. Fails*

Hon. Robert C. Williamson
Barria-Williamson, PLLC
4316 Old Canton Road, Suite 100A
Jackson, MS 39211
*Attorney for Margie C. Fails*

Hon. Ellie B. Word
Hon. Alec B. Taylor
Krebs, Farley & Pelleteri, PLLC
One Jackson Place, Suite 900
188 East Capitol Street
Jackson, MS 39201
*Attorneys for Travelers Casualty & Surety*
*Company of America*

Mr. S. Christopher Farris
Farris Law Offices
6645 Highway 98 West, Suite 3
Hattiesburg, MS 39402-7509
*Attorney for George and Cindy Curry*

DATED this the 7th day of May, 2014.

                                                      */s/ Brian A. Montague*
                                                      BRIAN A. MONTAGUE