IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TRAVELERS CASUALTY & SURETY COMPANY**
**OF AMERICA**             **PLAINTIFF**

**V.**        **CIVIL ACTION NO. 2:13cv101-KS-MTP**

**HUB MECHANICAL CONTRACTORS, INC.,**
**HUB REFRIGERATION & FIXTURES, INC.,**
**GEORGE C. CURRY, CINDY B. CURRY,**
**AND ARTHUR C. HENDERSON**          **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Travelers Casualty & Surety Company of America's Motion to Strike or, in the Alternative, for Entry of Amended Case Management Order and for a More Definite Statement ("Motion to Strike") [197]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied.

On May 15, 2013, Travelers Casualty & Surety Company of America ("Travelers") filed suit against George Curry, Cindy Curry, and others, alleging that the Defendants are liable to it as "Indemnitors" pursuant to certain Indemnity Agreements made in connection with Travelers' issuance of payment and performance bonds on behalf of Hub Mechanical Contractors, Inc. On March 31, 2014, George Curry and Cindy Curry (the "Currys") filed their Answer [32] to the Complaint [1]. In addition to denying any and all liability, the Currys asserted a counterclaim for abuse of process. On October 31, 2014, Hub Refrigeration & Fixtures, Inc. ("HUB") sought leave to intervene in this cause as a counterclaimant. HUB asserted, in pertinent part, that George Curry is its sole shareholder and that it has been unable to obtain bonds to secure construction jobs due

to Travelers' placement of a lien on the Currys' properties.  HUB's motion was granted without opposition from any party.  On December 4, 2014, HUB and the Currys filed an Amended Answer [125], including a counterclaim for abuse of process.  On March 31, 2015, approximately four (4) months after the case management deadline for amendment of the pleadings, Travelers filed its Motion for Leave to File Amended Complaint [168].  Travelers argued that it should be allowed to assert a fraud claim against George Curry and to include HUB as an "Indemnitor" in the action based on information it learned at George Curry's deposition on March 5, 2015.  Travelers' motion was granted over the objections of HUB and the Currys.  On April 9, 2015, Travelers filed its Amended Complaint [184], alleging that the Indemnitors, including HUB, are liable to it for all amounts owed and incurred in connection with the issuance of a bond; adding a fraud claim against George Curry; and, including a request for punitive damages against George Curry for his alleged fraud.  On April 23, 2015, the Currys and HUB ("Defendants") filed their Answer and Counterclaim to Amended Complaint [193].  This pleading includes three (3) new counterclaims (1- Intentional Tort, 2- Interference with Business Relations, 3- Conspiracy) and adds a request for punitive damages.

On May 7, 2015, Travelers filed the subject Motion to Strike [197].  Travelers principally argues that the new counterclaims asserted in the Answer and Counterclaim to Amended Complaint [193] should be stricken from this action.  Travelers contends that the counterclaims are untimely because they were filed approximately five (5) months subsequent to the amendment deadline, without leave of court, and Defendants cannot show good cause for the amendment in accordance with Federal Rule of Civil Procedure

16(b)(4).[1]  Travelers also asserts that the new counterclaims are compulsory pursuant to Federal Rule of Civil Procedure 13(a) and the Defendants have waived them by failing to assert them earlier in the litigation.  Travelers' Rule 13 waiver argument is unsupported by citation to authority and not well taken.  The "failure to raise a counterclaim covered by Rule 13(a) generally prevents a party from raising that counterclaim in a subsequent action, not necessarily later in the same action."  *Kimberly-Clark Worldwide Inc. v. First Quality Baby Prods. LLC*, No. 14cv1466, 2015 WL 1582368, at *12 (E.D. Wis. Apr. 9, 2015) (citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1417 (3d ed. 2010)).  Moreover, it has been clear since 2009 that a party may amend its counterclaim in accordance with Rule 15.  *See* Fed. R. Civ. P. 13 advisory committee's note to 2009 Amendments ("An amendment to add a counterclaim will be governed by Rule 15.").[2]  Both Travelers' Rule 13 and Rule 16 arguments overlook that the subject counterclaims were part and parcel of Defendants' responsive pleading to the Amended Complaint [184], and that the responsive pleading was timely filed under Rule 15(a)(3).[3]  Only in rebuttal does Travelers address the salient issue of whether a defendant must seek leave of court when it "desires to amend its counterclaim in response to the filing of an amended

---

[1] "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

[2] In fact, the compulsory nature of a counterclaim supports amendment because "if amendment is not allowed the counterclaim will be barred in subsequent actions." *See Kimberly-Clark Worldwide Inc.*, 2015 WL 1582368, at *12 (citing *Jupiter Aluminum Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 609 (N.D. Ill 1998)).

[3] "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

complaint." (Pl.'s Reply in Supp. of Mot. to Strike [206] at p. 2.)

The Court typically does "not consider arguments raised for the first time in a reply brief . . . ." *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014) (citation omitted). However, the Court will make an exception here and consider Travelers' rebuttal argument. The Defendants have submitted a letter brief addressing the authorities only cited by Travelers in its reply brief. *See Lawlis v. Moore Iron & Steele Corp.*, No. CIV-13-823-D, 2014 WL 7403854 (W.D. Okla. Dec. 30, 2014); *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170 (D. Mass. 2014).

Both *Lawlis* and *Bern* recognized varying court approaches to determining if leave must be sought to file a new or amended counterclaim in response to an amended complaint. The permissive approach "allows a defendant served with an amended complaint to amend its counterclaims without leave of court, regardless of the scope of changes made to the amended complaint." *Lawlis*, 2014 WL 7403854, at *2 (citations omitted). Under the "moderate approach, an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *Bern Unlimited, Inc.*, 25 F. Supp. 3d at 177 (citation and internal quotation marks omitted).[4] The district court in *Bern* found neither approach satisfactory and held that the better method is to require leave of court pursuant to Rule 15(a)(2) whenever a new or different counterclaim is sought to be asserted. *See* 25 F. Supp. 3d at 179. In *Lawlis*, the district court found the approach described in *Bern* to be

---

[4] The parties have not cited, and the Court has not identified, any Fifth Circuit opinion addressing this issue.

-4-

the "most appropriate."  *Lawlis*, 2014 WL 7403854, at *3.

Neither *Lawlis* nor *Bern* justifies the striking of Defendants' new counterclaims. Although the court in *Lawlis* expressed a preference for requiring a party to seek leave whenever he desires to file a new or amended counterclaim, it found the following circumstances to warrant the denial of leave "under any approach":  "Plaintiff's Second Amended Complaint removed claims and a party, this case is in its late stages, discovery is now complete and the dispositive motion deadline has passed . . . ."  2014 WL 7403854, at *3.  Travelers' Amended Complaint cannot be construed to have "narrowed the issues in the case" since it seeks to impose liability against HUB for the first time and adds a fraud claim and request for punitive damages as to George Curry.  *Id.*  The addition of three counterclaims and a request for punitive damages by the Defendants in response to Travelers' Amended Complaint compares unfavorably with the assertion of six new counterclaims in response to a case-narrowing pleading in *Lawlis*.  Furthermore, the discovery deadline and deadline for all motions other than motions *in limine* have yet to expire in this action.  *Lawlis* is clearly distinguishable and inapplicable.

In *Bern*, the district court construed the new counterclaims filed without leave as motions to amend under Rule 15(a)(2).  *See* 25 F. Supp. 3d at 180.  A "court should freely give leave [to amend] when justice so requires."  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Grounds for denial of leave to amend include undue delay and prejudice to the opposing party.  *See id.* (citation omitted).  The court rejected the plaintiffs' argument that several of the counterclaims should be stricken based on unfair prejudice and delay pursuant to the following rationale:

> Plaintiff will therefore suffer some prejudice if the counterclaims are allowed

>because some discovery would have to be taken, delaying the resolution of the case.  That prejudice, however, must be balanced against the purposes of Rule 13(a).  "The purpose of Rule 13(a) is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'"  While some discovery might have to be taken on an expedited basis if the counterclaims are allowed, much of the discovery on those counterclaims has already been done in this case.  It would be a waste of resources for both the judicial system and the litigants to require defendants to file new actions to pursue their false-advertising claims.

*Id.* at 185-86 (internal citations omitted).  Here too, it would be a waste of judicial resources to require the Defendants to file a new, independent action based on the claims Travelers describes as compulsory in nature.  Travelers' assertion that two of the three counterclaims "have their genesis in Travelers' initiation of the lawsuit" and the facts surrounding the third counterclaim "were known in June of 2014 at the latest," also leads the Court to conclude that any additional discovery necessitated by the counterclaims should be very limited in nature given the substantial proceedings to date.  (Pl.'s Reply in Supp. of Mot. to Strike [206] at p. 6.)  In sum, the Court rejects Travelers' undue delay and prejudice objections to the new counterclaims for essentially the same reasons presented in the above-quoted passage from *Bern*.

     Based on the foregoing, the Court denies Travelers' request for an order striking the new counterclaims asserted in the Defendants' Answer and Counterclaim to Amended Complaint [193].  The Court does not adopt, reject, or state a preference for any of the above-discussed approaches to considering a new counterclaim filed in response to an amended complaint in reaching this ruling.  Instead, the Court merely concludes that Travelers, as the moving party, has failed to present sufficient grounds to warrant the striking of the counterclaims from the pleadings.

The Court also rejects Travelers' alternative argument that the Defendants should be required to plead the new counterclaims more definitely pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) states in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Travelers' existing Answer [199] to the counterclaims defeats any contention that they are too vague or ambiguous to enable the preparation of a responsive pleading.

Finally, Travelers' alternative request for an amended case management order so that it may conduct discovery on the new counterclaims is declined. The Court is unconvinced that any case management deadlines need to be altered so that Travelers can mount an adequate defense given Travelers' assertion that the factual bases for the claims have existed for at least eleven (11) months. The discovery previously conducted in connection with these known facts should be sufficient. Nonetheless, this alternative ground for relief is denied without prejudice to Travelers' ability to present a request for additional time to conduct discovery to the United States Magistrate Judge, who is more familiar with the discovery record.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike [197] is denied.

SO ORDERED AND ADJUDGED this the 18th day of May, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE